**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 1, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

IVAN L. SWEETS, SR.,

      Petitioner - Appellant,

v.

TODD MARTIN,

      Respondent - Appellee.

No. 15-8020
(D.C. No. 2:14-CV-00169-SWS)
(D. Wyoming)

_____

**ORDER**
_____

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.
_____

Mr. Ivan Sweets was convicted on state charges of obtaining property by false pretenses and wrongfully taking or disposing of property. Both charges stemmed from evidence that Mr. Sweets had stolen property, arranged for its conversion to scrap metal, and collected the proceeds. Challenging the conviction, Mr. Sweets sought a federal writ of habeas corpus, arguing that the evidence was insufficient for a finding of guilt. The district court denied relief, and Mr. Sweets seeks authorization to appeal. To justify authorization of an appeal, Mr. Sweets must show that his notice of appeal was timely and that reasonable jurists could debate the sufficiency of the evidence presented for his conviction. Mr. Sweets fails to satisfy either requirement, and we dismiss the appeal for lack of jurisdiction.

## I.      Failure to Timely File a Notice of Appeal

We have a duty to address our own jurisdiction even when neither party has asked us to do so. *Petrella v. Brownback*, 787 F.3d 1242, 1254 (10th Cir. 2015). In carrying out this duty, we must examine the timeliness of the appeal. *See Watkins v. Leyba*, 543 F.3d 624, 626 (10th Cir. 2008) (stating that we had jurisdiction over a habeas appeal only if the notice of appeal had been timely filed).

The appeal is ordinarily considered timely only if Mr. Sweets filed a notice of appeal within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(1). But when the deadline falls on a weekend, an exception exists, extending the deadline to the next weekday (excluding holidays). Fed. R. App. P. 26(a)(1)(C). That exception applies here because the 30-day period would have ended on a Saturday: April 4, 2015. Thus, Mr. Sweets obtained an additional two days to file his notice of appeal, making his filing deadline Monday, April 6, 2015.

Mr. Sweets initiated the appeal by filing an application for a certificate of appealability, rather than a notice of appeal. But we treat this application as a notice of appeal. *See Rodgers v. Wyo. Attorney Gen.*, 205 F.3d 1201, 1204 (10th Cir. 2000), *overruled on other grounds by Slack v. McDaniel*, 529 U.S. 473 (2000). That document was received by the clerk's office on April 9, 2015, three days after the filing deadline. We would ordinarily dismiss the appeal as untimely based on Mr. Sweets's failure to file the notice of appeal by April 6, 2015.

To avoid dismissal, Mr. Sweets argues that we should treat the document as "filed" on April 3, 2015, because that is when he gave it to prison authorities for filing. We reject this argument.

The issue turns on a rule, eventually called the "prison mailbox rule," initially recognized in *Houston v. Lack*, 487 U.S. 266, 276 (1988). Under this rule, a prisoner's submission is deemed "filed" when it is given to prison authorities for mailing. *Price v. Philpot*, 420 F.3d 1158, 1163-64 (10th Cir. 2005). This rule applies to the filing of a notice of appeal. Fed. R. App. P. 4(c)(1). But to invoke the prison mailbox rule for a notice of appeal, the inmate-plaintiff must use the prison's designated system for legal mail (if available). *Id.*; *United States v. Ceballos-Martinez*, 371 F.3d 713, 717 (10th Cir. 2004).

We alerted Mr. Sweets to the timeliness issue and directed him to explain how we could treat the appeal as timely. He said that he had used the prison mail system, giving the document to authorities on April 3, 2015. But he did not say whether a legal mail system had been available or, if it had been, whether he used that system. Without this information, the notice of appeal is not timely under the prison mailbox rule.

Mr. Sweets's omission may seem like a technicality, but we held in *Price v. Philpot* that the omitted information bears jurisdictional significance. 420 F.3d 1158, 1166 (10th Cir. 2005). In *Price*, a prisoner stated only that he had put the

document in "'the institutional mails.'" *Id.* at 1166. We held that this statement

did not satisfy the requirements of the prison mailbox rule:

> If a legal mail system were available, [the claimant] would be required to use it to obtain the benefits of the mailbox rule. However, [the claimant] has failed to allege, or timely establish, that he did so. Alleging only that he used "the institutional mails" is insufficient to connote use of the "legal mail system."

*Id.* (citation omitted).

This holding compels us to regard the notice of appeal as untimely. Mr.

Sweets has not alleged use of the prison's legal mail system or alleged that such a

system was unavailable. As a result, *Price* forecloses reliance on the prison

mailbox rule and requires us to treat the filing date as April 9, 2015. In these

circumstances, we lack jurisdiction and must dismiss the appeal.

## II.    Unavailability of a Certificate of Appealability

But we would have lacked jurisdiction even if the appeal had been timely.

If Mr. Sweets had timely appealed, we could obtain jurisdiction only if Mr.

Sweets had justified the issuance of a certificate of appealability. *See* 28 U.S.C.

§ 2253(c)(1)(A) (2012); *see also Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir.

2006) (stating that a certificate of appealability "is a jurisdictional pre-requisite to

our review"). To justify issuance of the certificate, Mr. Sweets had to show that

reasonable jurists could debate the sufficiency of evidence. *See Dulworth v.

Jones*, 496 F.3d 1133, 1137 (10th Cir. 2007). In our view, no jurist could

reasonably question the sufficiency of evidence regarding Mr. Sweets's guilt.

4

If we were to entertain an appeal, federal law would ordinarily prohibit us from even reaching the merits unless the state appellate court had (1) unreasonably decided the facts or (2) contradicted or unreasonably applied a Supreme Court precedent. 28 U.S.C. § 2254(d)(1)-(2) (2012). We assume, for the sake of argument, that Mr. Sweets could satisfy this considerable hurdle.

Even if Mr. Sweets could satisfy that hurdle, he would need to show that his conviction violated the federal constitution. *See Wilson v. Corcoran*, 562 U.S. 1, 5-6 (2010) (per curiam). The conviction would violate the constitution only if no rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 433 U.S. 307, 319 (1979). In our view, no jurist could reasonably debate whether the State satisfied that burden.

The two counts involve different elements. On the crime of obtaining property by false pretenses, the State had to prove five elements:

1. the pretenses;

2. their falsity;

3. the defendant's acquisition of property by reason of the pretenses;

4. the defendant's knowledge that the pretenses were false; and

5. the intent to defraud.

*Lopez v. State*, 788 P.2d 1150, 1152 (Wyo. 1990). On the crime involving the wrongful taking or disposing of property, the State had to prove that the defendant

5

1. bought, received, concealed, or disposed of property

2. that he knew, believed, or had reasonable cause to believe had been obtained unlawfully and

3. that he knew the value of the property.

*Capshaw v. State*, 737 P.2d 740, 745 (Wyo. 1987). The State's evidence would clearly support a conviction on both counts.

The two counts involved crane equipment owned by Ms. Mary Froman. To show guilt on both counts, the State presented evidence that Mr. Sweets had

- lied to obtain permission to move the crane's boom and buckets to another site where he purportedly planned to start a business,

- instructed the driver of a transport company where to deliver the crane attachments, and

- had the crane attachments turned into scrap metal and pocketed the proceeds.

In light of this evidence, any reasonable jurist would easily conclude that the record was sufficient for a conviction on both counts.

Mr. Sweets argues that parts of the testimony are not corroborated. But no reasonable jurist would consider that argument debatable in light of our cases. Under these cases, the fact-finder could reasonably regard the evidence as sufficient for guilt even when based on the testimony of a single witness. *United States v. Samuels*, 493 F.3d 1187, 1192 n.7 (10th Cir. 2007). At Mr. Sweets's trial, though, the State's evidence consisted of testimony from numerous witnesses. The fact-finder could have believed these witnesses even without any

6

corroboration. *See id.* ("Although it is true that corroboration may bolster offered testimony, corroboration is generally not necessary for the court to find testimony credible.").

Accordingly, we would decline to issue a certificate of appealability even if the notice of appeal had been timely. And in the absence of a certificate, we would lack appellate jurisdiction.

## III.    Conclusion

We dismiss the appeal for lack of jurisdiction because the notice of appeal was filed late and Mr. Sweets has not justified a certificate of appealability.

Entered for the Court


Robert E. Bacharach
Circuit Judge

7