**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

BENJAMIN RYAN SPENCE,

      Defendant - Appellant.

No. 15-5012
(D.C. Nos. 4:14-CV-00710-GKF-FHM
and 4:11-CR-00099-GKF-1)
(N.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **BALDOCK**, and **TYMKOVICH**, Circuit Judges.

Defendant Benjamin Ryan Spence, a federal prisoner proceeding pro se and *in*

*forma pauperis*, seeks a certificate of appealability (COA) following the dismissal of his

motion under 28 U.S.C. § 2255 as untimely. *See* 28 U.S.C. § 2253(c)(1)(B) (requiring

COA to appeal denial of motion under § 2255). The district court concluded that

---

[*] After examining the briefs and appellate record, this panel has determined unanimously
that oral argument would not materially assist in the determination of this appeal. *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted
without oral argument. This order and judgment is not binding precedent, except under
the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R.
32.1.

Defendant was not entitled to the benefit of the prison-mailbox rule, which treats an inmate's pleading as having been filed the day he delivers it to prison authorities for mailing to the court. *See Price v. Philpot*, 420 F.3d 1158, 1165 (10th Cir. 2005). In our view, however, Defendant should be given another opportunity to show that he complied with the requirements of the mailbox rule. A reasonable person in his shoes could easily have thought that he complied with all that was required of him. We therefore grant a COA and remand for further proceedings in the district court.

Defendant was convicted in 2012 on one count of being a felon in possession of a firearm and ammunition. *See* 18 U.S.C. §§ 922(g)(1) and 924(a)(2). After we affirmed his conviction on appeal, the Supreme Court denied his petition for a writ of certiorari on November 18, 2013. *See Spence v. United States*, 134 S. Ct. 660 (2013).

Defendant, who is incarcerated at the United States Penitentiary in Leavenworth, Kansas, then submitted a § 2255 motion to the United States District Court for the Northern District of Oklahoma. The motion was on a form titled "Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody." R., Vol. 1 at 19 (full capitalization omitted). The form appears to be the same as the form in the Appendix of Forms to the Rules Governing Section 2255 Proceedings for the United States District Courts. According to Defendant's brief in this court, the form was provided to him by the district-court clerk. On the last page of the form Defendant signed a preprinted declaration (again, in conformity with the form in the appendix of the § 2255 Rules) that states: "I declare (or certify, verify, or state) under

penalty of perjury that the foregoing is true and correct and that this Motion Under 28 U.S.C. § 2255 was placed in the prison mailing system on . . . (month, date, year)." *Id.* at 30. The date filled in is November 17, 2014, and the declaration is signed with the same execution date. On November 21 the court received the form in an envelope that had no postmark but had two stamps affixed to the front.

The government moved to dismiss Defendant's motion as untimely. It is undisputed that the § 2255 motion had to be filed by November 18, 2014. *See* 28 U.S.C. § 2255(f); *United States v. Willis*, 202 F.3d 1279, 1280 (10th Cir. 2000). The motion therefore arrived at the district court three days too late, and the government argued that Defendant had not properly invoked the prison-mailbox rule. The government's argument stated as follows:

> In order to establish timely filing, an inmate must either (1) prove that he made timely use of the prison's legal mail system if a satisfactory system is available; or (2) if a legal mail system is not available, prove timely use of the prison's regular mail system by submitting a notarized statement or a declaration under penalty of perjury indicating the date on which the document was given to prison officials for mailing.
>
> Significantly, the option of submitting a declaration stating the date a document was placed in the prison mailing system is available only if the prison does not have a legal mail system; an inmate bears the burden of demonstrating that he did not have access to a legal mail system. Here, [Defendant] has neither alleged nor proven, and indeed, could not show, that USP Leavenworth does not have a legal mail system. Thus, [his] declaration that he placed his motion in the prison mailing system on November 17, 2014 does not trigger application of the prison mailbox rule.

R., Vol. 1 at 35 (citations omitted).

In a minute order on the docket sheet, the court ordered Defendant to respond to the motion to dismiss. His response argued that he was entitled to the rule because he "certified under penalty of perjury, pursuant to Title 28 U.S.C. § 1746, that he placed his petition in the institutional legal mails on November 17, 2014." *Id.* at 39. He asserted that "[he] delivered the § 2255 to the Mail Room where legal mail is sent, and did so between 6:30 and 7:30 A.M. of the 17th day of November, 2014, and as [he] watched, the mail room took it over and stamped the back of the envelope, which is the process for th[e] institutional legal mail system." *Id.* at 40. He alleged that the institutional mailing stamp would be on the back of the envelope.[1]

The district court dismissed the § 2255 motion. It determined that Defendant was not entitled to invoke the prison-mailbox rule because "[his] allegation that he used the 'prison mailing system' is insufficient to connote use of the 'legal mail system,'" Order at 3, *United States v. Spence,* No. 11-CR-99-GKR (N.D. Okla. Feb. 3, 2015) (citing *Price*, 420 F.3d at 1166), and he "ha[d] neither alleged nor proven that his facility . . . does not have a legal mail system, or that he did not have access to that system," *id.* The court concluded that "[b]ecause the mailbox rule does not apply if his facility has a legal mailing system and he did not use it, the mailbox rule [was] inapplicable here." *Id.* (citation omitted).

---

[1] We only have a copy of the front of the envelope and therefore cannot determine whether that assertion is true.

4

The district court and the government have properly stated the law of this circuit regarding what a prisoner must do to take advantage of the prison-mailbox rule. Defendant's showing regarding the use of the prison legal-mail system does not conform to our precedent. Either the declaration on his § 2255 motion (which was under penalty of perjury) should have said that his motion "was placed in the prison *legal* mail system," or his statement to that effect in response to the government's motion to dismiss should have been made under penalty of perjury.

But we cannot say that Defendant had fair notice of that requirement. He did everything that was required on the § 2255 form, which has the sanction of the § 2255 Rules and is required by the district court's rules, *see* N.D. Okla. Civ. R. 9.2(a). It is hardly Defendant's fault that a form that apparently suffices in other circuits does not satisfy this circuit's version of the mailbox rule. And his response to the motion to dismiss included the assertions demanded by the government—except that they were not made under penalty of perjury (a requirement that was hardly stated clearly in the government's motion).

We therefore GRANT a COA, REVERSE the dismissal of Defendant's § 2255 motion, and REMAND to the district court to provide Defendant with an opportunity to make the showing required by the district court.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge

5