**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 11, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DANIEL PAUL STARR,

      Plaintiff - Appellant,

v.

OFFICER KOBER, Correctional Officer;
SERGEANT BASHEAR; SERGEANT
HAUNG, grievance officer; H.A. RIOS, JR.,
Security Warden; R. WHITTEN, Executive
Warden; B. GIBSON, Ex-Warden;
LIEUTENANT JOHNS; C. BARNARD;
FNU RIVERA; FNU PLUME; POPPEL;
DAVE MILLER; C. CHESTER; H. RIOS;
B.R. GIBSON, Wardens and Ex-Wardens;
GEO GROUP, INC.; OKLAHOMA
DEPARTMENT OF CORRECTIONS;
GUILFOYLE, Director's Designee;
DEBBIE MORTON, Director's Designee;
MELINDA FLEENER, Medical HSA;
REID, Warden's Secretary;
DIAMONDBACK CORRECTIONAL
FACILITY; CIMMARON
CORRECTIONAL FACILITY; GREAT
PLAINS CORRECTIONAL FACILITY;
LAWTON CORRECTIONAL FACILITY;
ROBERT PATTON, Director ODOC,

      Defendants - Appellees.

No. 15-6219
(D.C. No. 5:13-CV-00700-F)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of this
appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered
submitted without oral argument. This order and judgment is not binding precedent,

Continued . . .

_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Daniel Paul Starr appeals from the district court's dismissal of his complaint for failure to state a claim and the dismissal of one of his claims as time-barred under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.  BACKGROUND

In July 2013, Mr. Starr, an Oklahoma state prisoner, filed a pro se complaint against Officer Kober and other officials at the Lawton Correctional Facility, where he was being held.[1]  The complaint alleged, among other things, that Officer Kober slammed a cell door against Mr. Starr's shoulder, causing his other shoulder to hit the cell wall.  Mr. Starr sued under 42 U.S.C. § 1983, alleging 1) excessive force, 2) conspiracy, 3) retaliation, and 4) other unspecified claims.  He also alleged state law claims.

On August 21, 2013, Mr. Starr filed a "Motion to Amend" his complaint, which the district court construed as a supplement because it included allegations of facts that

---

except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Although we liberally construe a pro se litigant's filings, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), we may not "assume the role of advocate," *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (quotations omitted); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009), and we do not "fashion . . . arguments for him," *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

happened after Mr. Starr filed his original complaint. *See* Fed. R. Civ. P. 15(d) ("On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.").

Mr. Starr subsequently filed several other documents, in which he attempted to add new allegations. On December 10, 2013, the district court, acknowledging these filings, determined Mr. Starr could amend his original complaint, but only if it "contain[ed]—in *one* document—all claims and allegations Mr. Starr intends to pursue." Doc. 14 at 7-8 (emphasis in original). The district court admonished Mr. Starr that if he failed to comply with this order by December 31, 2013, the district court would consider only Mr. Starr's original complaint and the supplement.

On December 31, 2013, Mr. Starr filed an amended complaint, which the district court struck for failure to comply with the December 10, 2013 order. The court reiterated its instructions and allowed Mr. Starr until January 21, 2014, to file a complaint complying with its order.

On February 21, 2014, after Mr. Starr was granted additional time, he filed another amended complaint, which was referred to a magistrate judge.

On October 6, 2015, the magistrate judge recommended that Mr. Starr's February 21, 2014 amended complaint be stricken for its failure to comply with 1) the district court's order requiring a single document, and 2) Federal Rule of Civil Procedure 8. He then considered whether Mr. Starr's original complaint and the August 21, 2013 supplement should be dismissed under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

The magistrate judge construed Mr. Starr's first claim for assault and battery to be an Eighth Amendment excessive force claim and recommended it be dismissed as time-barred under Oklahoma's two-year statute of limitations and for failure to state a claim. He noted that, although Mr. Starr dated the complaint July 5, 2013, it was filed in district court on July 9, 2013, more than two years after July 6, 2011, the date of the alleged incident. And Mr. Starr failed to "allege either that he used the prison's legal mail system or timely used the prison's regular mail system," ROA, Vol. 1 at 315, as required by *Price v. Philpot*, 420 F.3d 1158 (10th Cir. 2005).

The magistrate judge also recommended against equitable tolling of the limitations deadline for Mr. Starr absent a proper showing in his objection to the report and recommendation that tolling should be allowed.

The magistrate judge further recommended dismissal of Mr. Starr's conspiracy, retaliation, and other unspecified federal claims because they were conclusory and failed to allege specific facts.

The district court adopted the magistrate judge's report and recommendation in full over Mr. Starr's objection and entered judgment.[2] The district court also dismissed Mr. Starr's pendent state claims, to the extent he raised any, without prejudice.

---

[2] The district court adopted in full the magistrate judge's recommendation to 1) dismiss Mr. Starr's federal claims and 2) dismiss Mr. Starr's pendent state claims without prejudice. Because neither the magistrate judge nor the district court specified whether the federal claims were dismissed with or without prejudice, we treat the dismissal of those claims as with prejudice. *See Cohen v. Longshore*, 621 F.3d 1311, 1314 (10th Cir. 2010) (noting "the district court did not indicate in its order whether it was dismissing Plaintiff's complaint with or without prejudice, and thus the court's

Continued . . .

## II. **DISCUSSION**

On appeal, Mr. Starr contends his Eighth Amendment claim should not be considered time-barred, the limitations period should have been equitably tolled, his claims were adequately pled, and he was denied the right to amend his complaint.[3]

We affirm the dismissal of Mr. Starr's Eighth Amendment claim as time-barred because the limitations period had run and the district court did not abuse its discretion in declining to apply equitable tolling.[4] We affirm the dismissal of Mr. Starr's other federal claims for failure to state a claim. We also affirm the striking of Mr. Starr's amended complaints because the court gave Mr. Starr ample opportunity and direction to comply with Rule 8 and he failed to do so.

### A. *Standards of Review*

"We review de novo the district court's decision to dismiss an IFP complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). A district court may dismiss a pro se complaint for failure to state a claim under 28 U.S.C. § 1915 when 1) "it is obvious that the plaintiff cannot prevail on the facts he has alleged" and 2) "it would be futile to give him an opportunity

---

dismissal must be treated as a dismissal with prejudice"). The district court entered judgment against Mr. Starr, showing the district court dismissed not only Mr. Starr's federal claims, but also his entire action.

[3] Mr. Starr also raises arguments regarding discovery and damages, which we do not address because they do not pertain to whether he properly stated a claim.

[4] We need not consider whether Mr. Starr's Eighth Amendment claim was otherwise insufficient because the statute of limitations disposes of this claim.

to amend." *Id.* (quotation omitted). "In determining whether dismissal is proper, we must accept the allegations of the complaint as true and we must construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff." *Trujillo v. Williams*, 465 F.3d 1210, 1224 (10th Cir. 2006) (quotation omitted).

"We apply the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim." *Kay*, 500 F.3d at 1217. This includes the *Twombly* plausibility standard. *Id.* at 1218 (applying *Twombly* to a § 1915 dismissal). We therefore "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief," *Alvarado v. KOB–TV, L.L.C., No. 06–2001*, 493 F.3d 1210, 1215 (10th Cir.2007), and consider adequate only those claims that "raise a right to relief above the speculative level," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Under this standard, "[i]f the allegations [in the complaint] show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

"We review the district court's refusal to apply equitable tolling for an abuse of discretion." *Braxton v. Zavaras*, 614 F.3d 1156, 1159 (10th Cir. 2010) (quotation omitted).

We also review for abuse of discretion the district court's decision to strike Mr. Starr's amended complaints. *See Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir.

2002) ("We review for an abuse of discretion the district court's decision to impose the sanction of dismissal for failure to follow court orders and rules.").

1. **Eighth Amendment Claim**

We affirm the district court's dismissal of Mr. Starr's claim as time-barred because 1) he has not made the necessary showing of timeliness to invoke the prison mailbox rule, and 2) he has not shown the district court abused its discretion in declining to apply equitable tolling.

a. *Statute of Limitations and the Prison Mailbox Rule*

The district court accepted the magistrate judge's recommendation to dismiss the Eighth Amendment claim. One of the bases on which it did so is that Mr. Starr failed to file his complaint within the statute of limitations.

"A complaint may be dismissed *sua sponte* under § 1915 based on an affirmative defense—such as statute of limitations—only when the defense is obvious from the face of the complaint and no further factual record is required to be developed." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (quotation omitted).

Oklahoma law establishes the relevant two-year statute of limitations for Mr. Starr's excessive force claim. *See Beck v. City of Muskogee Police Dep't*, 195 F.3d 553, 557 (10th Cir. 1999) ("State statutes of limitations applicable to general personal injury claims supply the limitations periods for § 1983 claims."); Okla. Stat. tit. 12, § 95(A)(3) (two-year statute of limitations). The door-slamming incident with Officer Kober occurred on July 6, 2011. Mr. Starr dated his complaint July 5, 2013, but it was filed in

district court on July 9, 2013.  Mr. Starr argues the complaint was timely filed under the prison mailbox rule.

Under the prison mailbox rule "an inmate who places a federal civil rights complaint in the prison's internal mail system will be treated as having 'filed' that complaint on the date it is given to prison authorities for mailing to the court."  *Price*, 420 F.3d at 1165.  A prisoner can establish timely submission of legal filings to a prison official under the mailbox rule by "either (1) alleging and proving that he or she made timely use of the prison's legal mail system if a satisfactory system is available, or (2) if a legal system is not available, then by timely use of the prison's regular mail system in combination with a notarized statement or a declaration under penalty of perjury of the date on which the documents were given to prison authorities and attesting that postage was prepaid."  *Id.* at 1166.

When a prisoner fails to make this showing, and the district court receives his complaint after the statute of limitations has expired, his claims are subject to dismissal. *See id.* at 1166; *Sweets v. Martin*, 625 F. App'x 362, 363-64 (10th Cir. 2015) (unpublished).[5]  But before dismissing, courts typically give prisoners notice of the timeliness issue and an opportunity to provide the necessary showing.  *See Price*, 420 F.3d at 1166 ("[O]nce the timeliness of Price's complaint became an issue, Price failed to

---

[5] Although not precedential, we find the reasoning of this and other unpublished opinions cited here to be instructive.  *See* 10th Cir. R. 32.1 ("Unpublished decisions are not precedential, but may be cited for their persuasive value."); *see also* Fed. R. App. P. 32.1.

document his use of the legal mail system before the district court reached its decision on the merits."); *Sweets*, 625 F. App'x at 363 (before dismissing appeal as untimely, "[w]e alerted Mr. Sweets to the timeliness issue and directed him to explain how we could treat the appeal as timely"); *United States v. Spence*, 625 F. App'x 871, 874 (10th Cir. 2015) (unpublished) (remanding the defendant's 28 U.S.C. § 2255 motion to allow him to show he complied with the requirements of the mailbox rule because we could not "say that [the] [d]efendant had fair notice of that requirement").

Mr. Starr received such notice here. After the magistrate judge concluded Mr. Starr failed to "allege either that he used the prison's legal mail system or timely used the prison's regular mail system" and recommended dismissal of his Eighth Amendment claim as time-barred, Mr. Starr was on notice that the timeliness of his complaint was at issue. ROA, Vol. 1 at 315. But in his objection to the magistrate judge's report and recommendation, Mr. Starr failed to provide any factual showing or even argue that his complaint was timely filed. He offers no explanation or justification for this failure in his appellate brief.

Because it was "obvious from the face of the complaint" that his Eighth Amendment claim was time-barred and "no further factual record [wa]s required to be developed" by the district court, *Fogle*, 435 F.3d at 1258 (quotation omitted), the district court properly concluded that Mr. Starr had not satisfied the statute of limitations.

b. *Equitable Tolling*

On appeal, Mr. Starr contends the district court should have allowed his claim to proceed under the doctrine of equitable tolling.

- 9 -

In his complaint, Mr. Starr alleged interference with his ability to pursue remedies through the prison grievance system. The magistrate judge construed this allegation to be an argument that the statute of limitations should be tolled to allow Mr. Starr to exhaust his administrative remedies. But Mr. Starr exhausted his administrative remedies in 2011, long before the limitations period had run.

In such circumstances, equitable tolling is typically not available absent a showing of diligence after the administrative remedies were exhausted. *See Braxton*, 614 F.3d at 1161-63 (10th Cir. 2010); *Rosales v. Ortiz*, 325 F. App'x 695, 700 (10th Cir. 2009) ("[T]he two-year limitations period had not run on Mr. Rosales' claims when they were administratively exhausted. There is no equitable or legal reason to search for a way to make something which was already available even more so.").

The magistrate judge allowed Mr. Starr to "describe[] with specificity why equitable tolling should apply" in his objection to the report and recommendation. ROA, Vol. 1 at 318. But in his objection, Mr. Starr provided only conclusory statements that he was denied access to the prison law library and had disabilities, without explaining why he was late in filing his complaint. On appeal, he makes the same conclusory allegations without explaining why his complaint was late.

The district court did not abuse its discretion in declining to toll the limitations period.

\* \* \* \*

The district court properly dismissed Mr. Starr's Eighth Amendment excessive force claim as time-barred.

2. **Mr. Starr's Other Claims**

After carefully reviewing Mr. Starr's complaint, we affirm the dismissal of Mr. Starr's conspiracy, retaliation, and other claims for substantially the same reasons stated by the magistrate judge and the district court:  these claims are conclusory and fail to allege specific injury.  *See Tonkovich v. Kan. Bd. of Regents*, 159 F.3d 504, 533 (10th Cir. 1998) ("Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." (quotation omitted)); *Whitney v. State of N.M.*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) ("This court . . .  will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf.").

Further, without a viable federal claim, the district court properly dismissed Mr. Starr's state claims without prejudice.  *See Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir. 2010) (stating "if federal claims are dismissed before trial, leaving only issues of state law, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice" (quotations and alterations omitted)).

3. **Right to Amend**

Mr. Starr finally argues he was denied an adequate opportunity to amend his complaint.

The court gave Mr. Starr two opportunities to file an amended complaint that complied with Rule 8 and that "contain[ed]—in *one* document—all claims and allegations Mr. Starr intends to pursue."  Doc. 14 at 7 (emphasis in original).  Mr. Starr failed to do so.  The district court did not abuse its discretion in striking the amended complaints and dismissing the original complaint and supplement with prejudice.

## III. CONCLUSION

We affirm.   We deny Mr. Starr's request to proceed *in forma pauperis*; he is therefore responsible for immediate payment of the unpaid balance of his appellate filing fee.

ENTERED FOR THE COURT,

Scott M. Matheson, Jr.
Circuit Judge