**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 22, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT
_____

JEFFREY MARCUS PEASE,

     Petitioner - Appellant,

v.

RICK RAEMISCH, Executive Director of
CDOC; THE ATTORNEY GENERAL OF
THE STATE OF COLORADO,

     Respondents - Appellees.

No. 16-1301
(D.C. No. 1:16-CV-00279-LTB)
(D. Colorado)

_____

### ORDER DENYING
### CERTIFICATE OF APPEALABILITY[*]
_____

Before **BRISCOE**, **GORSUCH**, and **McHUGH**, Circuit Judges.
_____

Jeffrey Marcus Pease seeks a certificate of appealability allowing him to

appeal the district court's denial of his 28 U.S.C. § 2254 application. Mr. Pease is a

Colorado state prisoner appearing pro se, so we liberally construe his pleadings.

*Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994). Nonetheless, a pro se

litigant must comply with procedural rules. *Id.* Because we conclude Mr. Pease's

---

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

notice of appeal was untimely, we lack jurisdiction over this matter and must dismiss it.

In 1998, Mr. Pease was convicted of numerous sex offenses in Colorado state court. He filed an application for a writ of habeas corpus in February 2016, arguing that his conviction and sentence violated the Constitution's prohibition on ex post facto laws. U.S. Const. art. I, § 10, cl. 1; *see also Bouie v. City of Columbia*, 378 U.S. 347, 353 (1964) ("An ex post facto law . . . [is] one that makes an action done before the passing of the law, and which was innocent when done, criminal; and punishes such action, or that aggravates a crime, or makes it greater than it was, when committed." (internal quotation marks omitted)). Mr. Pease acknowledged that his application was filed outside the 1-year period of limitation, *see* 28 U.S.C. § 2244(d), but argued he was entitled to equitable tolling. The district court determined Mr. Pease had not established a legitimate basis for tolling and therefore dismissed the application as time-barred on May 23, 2016.

Mr. Pease then filed a "Request for Excuse of Filing Delay, and Temporary Stay . . . ," which the district court construed as in part a motion for reconsideration under Federal Rule of Civil Procedure 59(e) and in part a request for an extension of time in which to appeal the court's May 23 order. On June 20, 2016, the district court denied reconsideration but granted Mr. Pease 30 days in which to file a notice of appeal. The deadline for filing the notice of appeal was July 20, 2016, but Mr. Pease's notice of appeal was filed on July 21.

2

Ordinarily, we lack jurisdiction where an appealing party untimely filed its notice of appeal. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007); *United States v. Ceballos-Martinez*, 387 F.3d 1140, 1143 (10th Cir. 2004) ("The filing of a timely notice of appeal is an absolute prerequisite to our jurisdiction." (citation omitted)). The question here is whether Mr. Pease's untimely filing of his notice of appeal can be salvaged under the prison mailbox rule set forth in Federal Rule of Appellate Procedure 4(c). After receiving Mr. Pease's untimely notice, we issued an Order on July 29, 2016, apprising Mr. Pease of the prison mailbox rule, listing its requirements, and requesting that Mr. Pease demonstrate he complied with those requirements. Mr. Pease filed a response on August 16, 2016, but it is inadequate.

When Mr. Pease filed his notice of appeal and his response to our July 29 Order, Rule 4(c) provided:

> If an inmate confined in an institution files a notice of appeal . . . , the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this [Rule 4(c)]. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

Fed. R. App. P. 4(c)(1).[1] If an inmate satisfies these requirements, we treat his or her notice of appeal as having been "filed" on the date it was given to prison authorities

---

[1] Rule 4(c) was amended effective December 1, 2016. The rule now provides in relevant part:

> (1) If an institution has a system designed for legal mail, an inmate confined there must use that system to receive the benefit of this Rule 4(c)(1). If an inmate files a notice of appeal . . . , the notice is timely if

for mailing. *See Price v. Philpot*, 420 F.3d 1158, 1163–65 (10th Cir. 2005). The burden is on Mr. Pease, as the inmate, to show he complied with these requirements and that his filing therefore was timely under the prison mailbox rule. *Id.* at 1165.

Mr. Pease failed to do so. If a designated system for legal mail is available, the prisoner must use it in order to invoke the prison mailbox rule. *Id.* at 1165–66. Here, Mr. Pease submitted a mail log but he did not say whether a legal mail system was available or, if it was, whether he used it. "Without this information, the notice of appeal is not timely under the prison mailbox rule." *Sweets v. Martin*, 625 F. App'x 362, 364 (10th Cir. 2015) (unpublished). As the *Sweets* panel noted, this "omission may seem like a technicality," but it is a technicality with jurisdictional consequences. *See id.*; *see also Price*, 420 F.3d at 1166 ("If a legal mail system were available, [the inmate-plaintiff] would be required to use it to obtain the benefit of the mailbox rule. However, [the inmate-plaintiff] has failed to allege, or timely

---

> it is deposited in the institution's internal mail system on or before the last day for filing and:
> > (A) it is accompanied by:
> > > (i) a declaration in compliance with 28 U.S.C. § 1746—or a notarized statement—setting out the date of deposit and stating that first-class postage is being prepaid; or
> > > (ii) evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid . . . .

Fed. R. App. P. 4(c)(1)(A)(i)–(ii). We apply the pre-amendment version of Rule 4(c) in effect when Mr. Pease filed his notice of appeal and responded to our July 29 Order requesting that he demonstrate compliance with that version of the rule. *Cf. United States v. Smotherman*, 838 F.3d 736, 737–39 (6th Cir. 2016) (noting accord with impending amendment to Rule 4(c), but grounding decision in pre-amendment version).

4

establish, that he did so. Alleging only that he used 'the institutional mails' is insufficient to connote use of the 'legal mail system.'" (citation omitted)).

Moreover, even if we assume there was no compliant legal-mail system available, Mr. Pease "still failed to establish his compliance with the mailbox rule" because he did not "execut[e] a notarized statement or a declaration under penalty of perjury pursuant to 28 U.S.C. § 1746 setting forth the date of his deposit in the regular mail system and stating that he included pre-paid postage." *Price*, 420 F.3d at 1166–67. Mr. Pease's notice of appeal did not come with a certificate of service attached. And Mr. Pease's response was neither a notarized statement nor a sworn declaration. It simply referenced an attached mail log and receipt showing a withdrawal of postage funds and "pray[ed] that the enclosed [documents] meet[] the Courts [sic] requirement under Fed. R. App. P. 4(c)(1) as applicant complied with the Mail Box Rule as Pease is confined in an institution." This does not suffice. *See Price*, 420 F.3d at 1167 (holding, even where inmate-plaintiff submitted certificate of service stating he placed filing in prison mail on timely date and with appropriate postage, that submission failed to satisfy mailbox rule because "there [was] no 'under penalty of perjury' language as specifically required by 28 U.S.C. § 1746").

For these reasons, we conclude Mr. Pease is not entitled to the benefit of the prison mailbox rule and that his notice of appeal was untimely filed. We therefore lack jurisdiction over this matter and dismiss it. We also deny Mr. Pease's motion to proceed in forma pauperis for non-compliance with Federal Rule of Appellate Procedure 24(a)(5) and for failure to demonstrate "the existence of a reasoned,

5

nonfrivolous argument on the law and facts in support of the issues raised on appeal."

*Rolland v. Primesource Staffing, LLC*, 497 F.3d 1077, 1079 (10th Cir. 2007).

ENTERED FOR THE COURT


Carolyn B. McHugh
Circuit Judge