**FILED**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**May 9, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

———————————————

FRANKIE JOE BROWN,

    Plaintiff - Appellant,

v.

FNU SHERRY; FNU WESTBROOKS;
K. GOLDEY,

    Defendants - Appellees.

No. 25-6018
(D.C. No. 5:24-CV-00916-R)
(W.D. Okla.)

———————————————

**ORDER AND JUDGMENT**[*]

———————————————

Before **MATHESON**, **PHILLIPS**, and **McHUGH**, Circuit Judges.

———————————————

Frankie Joe Brown, a federal inmate, filed a pro se complaint against

federal officers, alleging a violation of his Eighth Amendment rights under

*Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403

U.S. 388 (1971).[1] The magistrate judge granted Brown's motion to proceed in

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Because Brown proceeds pro se, we liberally construe his filings, but we do not serve as his advocate. *See United States v. Pinson*, 584 F.3d 972, 975

(*footnote continued*)

forma pauperis (IFP) and ordered him to pay an initial partial filing fee. Brown failed to pay the fee and the magistrate judge recommended that the complaint be dismissed. The district court accepted the recommendation and dismissed the complaint without prejudice. After the district court entered final judgment, Brown filed a motion requesting appointment of counsel and for the district court to send his case to the appeals court. The district court denied his motion and Brown timely filed a notice of appeal. Brown also filed a motion in the district court to proceed IFP on appeal, which the district court denied because it found the appeal was not taken in good faith under 28 U.S.C. § 1915(a).

Brown now appeals the district court's order denying him counsel and requests leave to proceed IFP. Exercising our jurisdiction under 28 U.S.C. § 1291, we deny Brown's request to proceed IFP and affirm the district court's dismissal.

## BACKGROUND

In the district court, Brown alleged that staff members at a federal correctional institution provided him inadequate medical care in violation of the Eighth Amendment. The magistrate judge granted Brown's motion to proceed IFP and held that he was not required to fully prepay the $350 filing

---

(10th Cir. 2009). Though the district-court docket identified Brown's claims as arising under 42 U.S.C. § 1983, which applies to state actors, his complaint appears to asset claims against federal defendants only. So his claims are brought under *Bivens*. *See Kinnell v. Graves*, 265 F.3d 1125, 1127 n.1 (10th Cir. 2001).

2

fee. *See* 28 U.S.C. § 1915(a). But pursuant to 28 U.S.C. § 1915(b)(1), the magistrate judge held that Brown was still required to pay the $350 filing fee in installments, with an initial $28.84 payment due within the month. At Brown's request, the magistrate judge extended the deadline for the initial payment by a month. Brown failed to pay the fee by the extended deadline.

The magistrate judge entered a report recommending that the district court dismiss Brown's complaint without prejudice for failure to pay the initial payment and for failure to comply with the court's orders. Brown timely objected, arguing that the merits of his claims outweighed his failure to pay the initial payment. The district court overruled Brown's objections, adopted the report and recommendation, and dismissed Brown's complaint without prejudice for failure to pay the initial payment and failure to comply with court orders.

Brown moved for appointment of counsel or, in the alternative, for the district court to send his case to the appeals court.[2] The district court denied the motion. Brown timely appealed. Brown also moved to proceed IFP on appeal, which the district court denied, reasoning that Brown "ha[d] not presented a reasoned, nonfrivolous" argument on the issues he intends to appeal. R. vol. I, at 51.

---

[2] Though not included in the record on appeal, we may take judicial notice of docket information from the district court. *See Bunn v. Perdue*, 966 F.3d 1094, 1096 n.4 (10th Cir. 2020); Fed. R. Evid. 201(b)(2).

**DISCUSSION**

Brown's notice of appeal says he appeals only the district court's January 23, 2025 order denying him counsel. But his opening brief discusses the merits of his complaint and makes no mention of his failure to pay the initial partial filing fee. Because Brown has presented no persuasive argument or authority that the district court erred in dismissing his complaint for his failure to pay the initial partial filing fee and for his failure to comply with court orders, we affirm the dismissal of his complaint. *See Bronson v. Swensen*, 509 F.3d 1099, 1104 (10th Cir. 2007) ("[W]e routinely have declined to consider arguments that are not raised, or are inadequately presented, in an appellant's opening brief.").

We next turn to Brown's IFP motion. Pursuant to § 1915(a)(3) "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The district court found that Brown's appeal was not taken in good faith because he failed to present a nonfrivolous argument on the issues he intends to appeal. So the district court denied his motion to proceed IFP on appeal and, pursuant to Federal Rule of Appellate Produce 24(a)(4)(A), notified the parties and this court of its decision. Though § 1915(a)(3) uses mandatory language to deny the availability of an IFP appeal after a district court has certified that the appeal is not taken in good faith, we've held that Federal Rule of Appellate Procedure 24(a)(5) still permits us to consider a motion to proceed IFP on appeal. *Rolland v. Primesource Staffing,*

4

*LLC*, 497 F.3d 1077, 1078–79 (10th Cir. 2007). Rule 24(a)(5) requires Brown to file his IFP motion within thirty days of the district court's order denying him IFP status on appeal, and to include the district court's statement of reasons for denying his IFP petition. Fed. R. App. P. 24(a)(5). Brown failed to comply with either requirement.

We deny Brown's motion to proceed IFP on appeal because of his non-compliance with Rule 24(a)(5) and for his failure to demonstrate "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." *Rolland*, 497 F.3d at 1079; *see Pease v. Raemisch*, 673 F. App'x 877, 879–80 (10th Cir. 2016) (denying a motion to proceed IFP on appeal because of non-compliance with Rule 24(a)(5) and the failure to demonstrate a nonfrivolous argument). We remind Brown "that the dismissal of his appeal does not relieve him of the responsibility to pay the appellate filing fee in full." *Kinnell v. Graves*, 265 F.3d 1125, 1129 (10th Cir. 2001).

## CONCLUSION

For these reasons, we deny Brown's motion to proceed IFP, and dismiss this appeal.[3]

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[3] This dismissal counts as a strike under 28 U.S.C. § 1915(g).